UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 22-cr-00104 |
| Plaintiff, | : | OPINION & ORDER |
|  | : | [Resolving Doc.] |
| v. | : |  |
| KARL D. VARNER, | : |  |
| Defendant. | : |  |

JAMES S. GWIN, UNITED STATES DISTRICT COURT JUDGE:

Defendant Karl Varner moves for a competency assessment to determine whether he is competent to stand trial.  The Court finds no reasonable cause to believe that Varner cannot understand the proceedings against him or assist in his own defense.  So, the Court **DENIES** his motion.

I.  Background

On March 3, 2022, a grand jury indicted Defendant Varner on two drug charges and two firearms charges.[1]

On May 26, 2022, the Court appointed the Federal Public Defender as Varner's attorney.  On May 31, 2022, Attorney Khalida Sims Jackson entered an appearance for Varner.[2]

Defendant Varner asked Attorney Sims Jackson to negotiate a plea agreement with the Government.[3]  On August 12, 2022, after "extensive plea negotiations," the parties

---

[1] Doc. 1
[2] Doc. 13.
[3] Doc. 16 at 1 (PageID 51).

Case No. 1:22-cr-104
GWIN, J.

reached an agreement.[4]

On August 18, 2022, Attorney Sims Jackson met Varner in person to review the plea agreement.[5] During this meeting, Varner expressed dissatisfaction with the agreement's conditions and requested new counsel.[6]

On August 22, 2022, the Court conducted a hearing to consider Varner's new-counsel request. During the hearing, Varner said he was unhappy that Attorney Sims Jackson had not moved for a pre-plea presentence report.[7] Varner also expressed dissatisfaction that Attorney Sims Jackson had counseled against proceeding to trial.[8]

During the hearing, Varner did not say that he asked Attorney Sims Jackson to move for a competency hearing. Nor did he otherwise argue that he was incompetent to stand trial. Moreover, Varner's statements reflected understanding regarding the case and the case process.

At the hearing's conclusion, the Court granted Varner's request for a new attorney and rescheduled Varner's trial for November 14, 2022.

On August 23, 2022, the Court appointed Attorney Marcus Sidoti to represent Defendant Varner.

On November 4, 2022, Varner filed this motion for a competency evaluation.[9] On November 9, 2022, at the final pretrial conference, the Court heard argument on the motion and spoke on the record with Defendant Varner.

---

[4] *Id.*
[5] *Id.*
[6] *Id.*
[7] Status Conf. Hr'g Tr. at 4–5 (court copy).
[8] *Id.* at 10.
[9] Doc. 17.

- 2 -

Case No. 1:22-cr-104
GWIN, J.

## II. Legal Standard

The Court orders a competency hearing only if "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense."[10]

But if a defendant shows "'sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding' and 'a rational as well as factual understanding of the proceedings against him,' a competency hearing is unnecessary."[11]

## III. Discussion

### A. Reasonable Cause Requirement

Defendant Varner has not shown reasonable cause to believe that he is incompetent to stand trial.

Varner suffers from post-traumatic stress disorder, for which he takes an antidepressant.[12] PTSD alone does not supply reasonable cause to believe Varner is incompetent.[13] Instead, a defendant must explain how his mental illness "affected his ability to consult with counsel, assist in his own defense, or understand the proceedings against him … ."[14] Varner provides no such explanation. Nor does Varner provide any evidence that he suffers from any other mental-health issues or takes any other medications.

---

[10] 18 U.S.C. § 4241(a).
[11] *United States v. Hutchinson*, 831 F. App'x 195 (6th Cir. 2020) (quoting *Godinez v. Moran*, 509 U.S. 389, 396, 113 S.Ct. 2680, (1993)), *cert. denied,* 141 S. Ct. 2656 (2021).
[12] Doc. 9 at 3 (PageID 24).
[13] *See United States v. Alfadhili*, 762 F. App'x 264, 268 (6th Cir. 2019)
[14] *Id.*

Case No. 1:22-cr-104
GWIN, J.

Further, nothing else in the record demonstrates Varner's incompetency. Attorney Sims Jackson did not request a competency hearing. And her motion for a status conference to appoint Defendant Varner a new attorney made no mention of his competency.

### B. Varner's Ability and Understanding

Moreover, Defendant Varner can consult with his attorney rationally and understands the proceedings against him.

At the August 22 attorney-change hearing, Varner appeared cogent, aware of his circumstances, and capable of assisting in his defense. During the hearing, Varner explained why he had requested a new attorney:

> It is my intention to plead out but it is in my best interests to know my exposure before I change my plea
> …
> Counsel is under the impression that I am a career criminal and I disagree. I don't believe my conviction for attempted murder allows me to be eligible for a career Guideline because—because of [*United States v.*] *Havis*[, 927 F.3d 382 (6th Cir. 2019)] … .
>
> …
>
> I was going to take the plea but in the plea I did not know that if I'm career able, [counsel] said my time starts at 260 months.[15]

Varner's complaints about Attorney Sims Jackson's representation show that Varner can consult with counsel. Varner asked that Attorney Sims Jackson negotiate a plea deal with the Government. Varner rejected the deal because he first hoped for information

---

[15] Status Conf. Hr'g Tr. at 5 (court copy).

-4-

Case No. 1:22-cr-104
GWIN, J.

regarding whether he qualifies for the career-offender enhancement.[16] His decision reflects a rational risk–reward calculus, which demonstrates Varner's competency.

To the extent that Varner expressed confusion with the proceedings, his confusion related to why federal charges carried a more severe penalty than state charges.[17] But he fully understands conviction's consequences. In his words, "I go from looking at one to three years in the state to 260 months and life."[18]

Further, the Court notes that Defendant Varner has a nearly two-decade criminal history. But despite his significant prior contact with law enforcement, Varner has never before contested his mental competence to stand trial or that he ever entered an unknowing or involuntary plea.

Finally, the Court's colloquy with Defendant Varner during the November 9 motion hearing further underscored his competence. Varner answered questions cogently. His explanation of why he requested a new attorney remained consistent. And Varner again showed that he understood the proceedings against him and their potential consequences.

IV. Conclusion

For these reasons, the Court **DENIES** Defendant Varner's motion for a competency evaluation.

IT IS SO ORDERED.

Dated: November 10, 2022          *s/      James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE

---

[16] Because of probation department staffing limitations and as a policy, this Court denies requests for pre-plea presentence reports.
[17] *See id.* at 11–12.
[18] *Id.* at 12.

- 5 -